IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESUS MENDEZ SANDOVAL #599965 | § | |
| v. | § | CIVIL ACTION NO. 6:07cv388 |
| FRANK KIDD, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jesus Mendez Sandoval, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Sandoval complains of an assault which allegedly occurred on May 14, 2007. He says that he Sgt. Kidd and Lt. Riding assaulted him, and then Sgt. Hendricks coerced him into saying on camera that Kidd did not assault him; Sandoval also says that Nurse Boling made a false report that Sandoval had inflicted injuries on himself in a suicide attempt.

After review of the pleadings, the Magistrate Judge issued a Report on August 23, 2007, recommending that the lawsuit be dismissed. The Magistrate Judge noted that Sandoval has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Sandoval v. Fox, et al., slip op. no. 04-41251 (5th Cir., June 21, 2005) (unpublished) (finding that Sandoval has three strikes). Consequently, Sandoval is barred by 28 U.S.C. §1915(g) from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is in imminent danger of serious physical injury.

1

In this regard, the Magistrate Judge said, courts have held that in order to meet the imminent danger requirement, the threat must be "real and proximate." Allegations of past harm do not suffice; rather, the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed. *See* Ciarpaglini v. Saini, 352 F.3d 328, 300 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). The Fifth Circuit has explained that a prisoner who has accumulated three strikes is entitled to proceed *in forma pauperis* only if he is in imminent danger at the time that he seeks to file the lawsuit. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998). In the present case, the Magistrate Judge said, Sandoval did not show that a threat was imminent or occurring at the time that the complaint was filed; rather, Sandoval was complaining about past harm, which is outside of the scope of the statute. As a result, the Magistrate Judge recommended that the lawsuit be dismissed.

Sandoval filed objections to the Magistrate Judge's Report on September 4, 2007, following these with a "motion for reconsideration" of the Report, which will also be construed as objections. In his September 4 objections, Sandoval says that he has evidence of impending harm because he has a Step Two grievance pending in which he requested that a life endangerment investigation be conducted. He says that the response to his Step One grievance states that a life endangerment investigation was conducted by Captain Childs, but that this is false because under TDCJ regulations, he was supposed to be brought before a classification committee if such an investigation is done, but he was not. He also says that the three-strikes law does not apply to him because he has filed a Step One grievance alleging that Lt. Riding has harassed his witnesses, and because he has been "continually harassed and retaliated against."

In his "motion to reconsider," Sandoval argues in effect that the Fifth Circuit wrongly decided Baños. He says that reading the "imminent danger" language as the Fifth Circuit has done means that an inmate can never complain about an assault unless it results in his death and he comes back in a second life to file his complaint; he argues that once the beating is over, he is no longer in

imminent danger, and that under this logic, the offense of robbery can never be proven because the robbery must be ongoing.

At one time, the Third Circuit agreed with Sandoval's construction of the statute, holding that "the proper focus when examining an inmate's complaint filed pursuant to Section 1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time that the complaint was filed." Gibbs v. Roman, 116 F.3d 83, 86 (3rd Cir. 1997), *overruled by* Abdul-Akbar, 239 F.3d at 312. However, this holding has been overturned and does not represent the law, even in the Third Circuit. As noted above, the Fifth Circuit has specifically stated that the inmate must be in imminent danger as of the time of the filing of the complaint.

In this regard, Sandoval's conclusory allegations that he has been harassed and retaliated against in unspecified ways are insufficient to show that he is presently in imminent danger, or that he was in such danger at the time that he filed his complaint. The fact that he has a Step Two grievance pending in which he complained that his life was in danger proves nothing except that he has not exhausted his administrative remedies. *See* Abdul-Akbar, 239 F.3d at 315 (claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation" did not sufficiently allege imminent danger); Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (allegation of imminent danger must show "a genuine emergency where time is pressing.") His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee.  It is further

ORDERED that should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed as though the full fee had been paid from the outset.  Finally, it is

ORDERED that any and all other motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 18th day of September, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**